# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS V. LEE,<br><br>            Plaintiff,<br><br>   v.<br><br>L. WILKINSON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv-00722-YNP PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

      Plaintiff Cornelius V. Lee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Pleasant Valley State Prison in Coalinga, California ("PVSP") at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the First, Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution. Plaintiff also brings state law claims. Plaintiff names L. Wilkinson ("Supervisor Free Cook"), G. Chavez (correctional officer), Gonzales (correctional officer), John Doe One (correctional officer), R. Castellanoz ("Supervisor Free Cook"), F. Shelby (correctional sergeant), Mathew Cate (director of corrections), and James Yates (warden, PVSP) as defendants. For the reasons set forth below, Plaintiff is ordered either to notify the Court of his willingness to proceed on the claims found to be cognizable in this order, or to file an amended complaint that cures the deficiencies in the non-cognizable claims identified in this order.

///

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II. **Background**

Plaintiff alleges that he experiences discrimination due to his homosexuality in violation of his First, Fourth, Eighth, and Fourteenth Amendment rights. Plaintiff alleges that staff and inmates began to harass Plaintiff after they learned that he was gay. Plaintiff held a job working in the prison kitchen and Defendant Wilkinson allegedly told Plaintiff that "there will not be any of [his] kind working in the Kitchen". After that incident, Plaintiff claims that kitchen staff began fabricating ways to get rid of Plaintiff.

///

///

On February 21, 2008, Plaintiff was accused of taking office supplies and was subjected to a "close body search". Plaintiff complains that the search took place in front of two female cooks.[1] After the search, Plaintiff's living quarters were searched and his entire cell was trashed. On February 25, 2008, Plaintiff reported to work and was told by Defendant Castellanoz to move his desk by the door because the "Correctional Drive[r]s needed space. Correctional Driver Escobar told Plaintiff "I don't like to be around Gay people or people that are housed with Gays." (Compl. 8.)

On February 26, 2008, Plaintiff was interviewed by Defendant Castellanoz. Plaintiff was told that he would give Plaintiff one week to find another job because Plaintiff was having problems with his staff. On February 27, 2008, Plaintiff filed an inmate grievance because he was being discriminated against and harassed due to his homosexuality. On March 3, 2008, Plaintiff was interviewed by Defendant Castellanoz and Defendant Shelby. Plaintiff was told that he was being terminated because he was taking office supplies and because he was having problems with the staff. Plaintiff claims that these accusations were fabricated in order to justify his termination.

**III.    Discussion**

    **A.    First Amendment Claims**

        **1.    Retaliation**

Plaintiff claims that Defendants retaliated against him for filing inmate grievances by terminating him from his job. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

---

[1] It is not clear whether Plaintiff is complaining about being searched in front of male personnel, or complaining about being searched in front of female personnel. Plaintiff complains that "Same Sex staff cannot be present when searching a Gay male inmate . . . to protect the agency from sexual harassment suits." (Compl. 7.) This contrasts with Plaintiff's later complaint that "Correctional Personnel other than qualified medical staff shall not conduct unclothed inspections or searches of any inmate of the opposite sex", and "Defendant D. Chavez violated plaintiff's due process, when ordering plaintiff to do a full body search of plaintiff in front of female free staff". (Compl. 7-8.)

action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that he was terminated from his job in retaliation for filing a grievance. Although the Court is obligated to accept Plaintiff's factual allegations as true at this stage in litigation, the Court is not obligated to accept as true Plaintiff's legal conclusion that his termination constituted retaliation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Plaintiff's factual allegations do not support the conclusion that he was terminated from his job because he exercised his right to file inmate grievances. Plaintiff was told on February 26 that he would have one week to find a new job before he would be unassigned. Plaintiff filed an inmate grievance on February 27. Plaintiff was told he was going to be terminated on March 3. The facts suggest that the decision to terminate Plaintiff was made before he filed an inmate grievance, contradicting Plaintiff's conclusion that his termination was in retaliation for the grievance that he filed. Plaintiff fails to state a cognizable claim for retaliation.

### 2. Freedom of Expression/Association

Plaintiff claims that Defendants interfered with his rights to free expression and free association under the First Amendment. "[A] prisoner inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff's First Amendment claim is unclear and vague. Plaintiff complains that "[t]here is also evidence of when Heterosexual inmate parolees, that they [parolees] are attacking the LGBTQ community, and which supports plaintiff's claim that CDCR is actually [c]onditioning of its Heterosexual inmates to become violent against LGBTQ citizens, and once they parole." (Compl. 15.) Plaintiff appears to claim that prison officials are conditioning inmates to be hostile toward

inmates who openly express their homosexuality. It is not clear what Defendants did to "condition" inmates to become hostile toward openly homosexual inmates. Thus it is not clear if Defendants' action or inaction is sufficient to hold them liable for violating Plaintiff's First Amendment rights. Plaintiff fails to state a claim against Defendants for interfering with his freedom of expression or association under the First Amendment.

### B.      Fourth Amendment Claims

#### 1.      Cross-Gender Full Body Search

Plaintiff claims that Defendants Chavez and Gonzales violated his constitutional rights by conducting a full body search of Plaintiff in front of female cooks. Plaintiff construes his claims against Chavez and Gonzales as arising under both the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. Cross-gender strip searches in detention contexts have been discussed under the Fourth, Eighth, and Fourteenth Amendments. See Byrd v. Maricopa County Sheriff's Dept. 565 F.3d 1205, 1216-1225 (discussing whether cross-gender, partial strip-search of a pre-trial detainee was unreasonable under the Fourth Amendment, or constituted punishment in violation of the Fourteenth Amendments), Jordan v. Gardner, 986 F.2d 1521, 1524-1531 (9th Cir. 1993) (declining to decide whether policy of cross-gender searches violated the Fourth Amendment, instead concluding that the Eighth Amendment prohibited cross-gender clothed body searches of female inmates with histories of sexual abuse by men). The Fourteenth Amendment issues raised in Byrd do not apply to Plaintiff, as they discussed whether the searches unconstitutionally punished a pre-trial detainee, whereas Plaintiff is a convicted prisoner. Plaintiff does not allege that Defendants Chavez or Gonzales had actual knowledge of an excessive risk to Plaintiff's health or safety stemming from the strip search, foreclosing the existence of a cognizable Eighth Amendment claim. See discussion infra Part III.C.

Analyzing Plaintiff's claims under the Fourth Amendment, the Court notes that "prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Jordan, 986 F.2d at 1524. "[The Ninth Circuit has] never held that a cross-gender search in a prison setting violated an inmate's Fourth Amendment rights." Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1222 (9th Cir. 2009), see also Jordan, 986 F.2d

1  at 1524 (declining to address cross-gender search claims under the Fourth Amendment),
2  Michenfelder v. Summer, 860 F.2d 328, 334 (9th Cir. 1988) (presence of female officers during
3  visual body cavity searches did not violate prisoner's privacy interest protected by the Fourth
4  Amendment), Grummett v. Rushen, 779 F.2d 491, 496 (9th Cir. 1985) (female guards' occasional
5  viewing of male inmates being strip searched did not violate Fourth Amendment).

6        Cross-gender strip searches that have been upheld in prior case law relied upon findings that
7  the searches were reasonably related to legitimate penological interests. Byrd, 565 F.3d at 1221
8  (finding security interest in need to respond to reports of contraband and fighting, institutional needs
9  justify conducting search in view of others, including opposite-sex staff). Plaintiff's claims are
10 similar to the prior cases in that Plaintiff does not allege that female staff participated in the full body
11 search. However, in Plaintiff's case, the legitimate penological interest in discovering contraband
12 is arguably diminished or eliminated entirely when a full body search is conducted in response to a
13 contraband report that is fabricated for discriminatory reasons. If the report that Plaintiff was
14 stealing office supplies was fabricated, then there is no reasonable suspicion that Plaintiff was hiding
15 contraband on his person and the full body search was not reasonable. Liberally construed, Plaintiff
16 has alleged that the full body search conducted in the presence of female staff was unreasonable.
17 Plaintiff states a cognizable claim against Defendants Chavez and Gonzales for violation of the
18 Fourth Amendment.

19       **2.   Cell Search**

20      Plaintiff also claims that Defendant John Doe One violated his Fourth Amendment rights by
21 trashing his cell during a cell search. Plaintiff has no legitimate expectation of privacy in his prison
22 cell. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Therefore, "the Fourth Amendment
23 proscription against unreasonable searches does not apply within the confines of the prison cell."
24 Id. at 526. That the search was done in a harassing manner does not violate the Fourth Amendment.
25 Plaintiff fails to state a claim against Defendant John Doe One for violation of the Fourth
26 Amendment.

27 ///
28 ///

6

### C. **Eighth Amendment Claims**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff complains that prison conditions are harsh for homosexual inmates. However, the harsh conduct that Plaintiff describes is the result of actions by other inmates. Plaintiff provides as an example the fact that inmates freely share "Ramen Noodle Soup" with other heterosexual inmates. Plaintiff, in contrast, complains that he must exchange sex for "Ramen Noodle Soup". Section 1983 only provides a cause of action against persons acting under color of state law. As such, section 1983 provides no remedy for purely private conduct. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Plaintiff has not alleged how other inmates are acting under color of state law when they refuse to share their "Ramen Noodle Soup" with Plaintiff. Plaintiff speculatively alleges that had Defendants promulgated policies that explicitly protected homosexual inmates, other inmates would not harass him. Plaintiff does not provide any details as to what policies Defendants should have

7

promulgated, or how it would have remedied the harassing conduct by other inmates. Plaintiff's "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient to support his Eighth Amendment claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Nor has Plaintiff shown that Defendants acted with deliberate indifference when they chose not to promulgate the policies that Plaintiff contends would have protected him. Plaintiff does not allege that Defendants deliberately chose not to promulgate those policies with actual knowledge that the failure to do so would pose an excessive risk to Plaintiff's health or safety. Plaintiff fails to state a cognizable claim for violation of the Eighth Amendment.

      **D.**     **Fourteenth Amendment Claims**

            **1.**     **Due Process**

Plaintiff claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff claims that Defendant Castellanoz violated his due process rights because he was involved in investigating the inmate grievance complaining about his own conduct. Plaintiff contends that it is a violation of due process to have his inmate grievance reviewed by a prison official that holds a conflict of interest. However, inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Because Plaintiff has no liberty interest in the processing of his inmate appeal, Plaintiff has no constitutional right to having his inmate appeals investigated by

prison officials who are free of all conflicts of interest. Plaintiff fails to state a claim for the processing of his inmate appeals.

## 2. Equal Protection

Plaintiff claims that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by fabricating reasons to terminate him from his job due to his homosexuality. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). If the action in question does not involve a suspect classification[2], a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff alleges that he is a homosexual and was intentionally harassed and terminated from his job without any rational basis for the difference in treatment compared to non-homosexuals. Plaintiff alleges that the reasons given to justify his termination from his job were fabricated. Plaintiff states a cognizable claim against Defendants Wilkinson, Castellanoz, and Shelby for violation of the Equal Protection Clause of the Fourteenth Amendment.

It is unclear if Plaintiff is seeking to state claims against Defendants Chavez, Gonzales, and John Doe One for violation of the Equal Protection Clause. Plaintiff does not explicitly claim that Chavez, Gonzales, or John Doe One violated his equal protection rights. Nor does Plaintiff explicitly allege that Defendants Chavez and Gonzales treated Plaintiff, as a homosexual inmate, differently than heterosexual inmates when they performed a full body search of Plaintiff in front of

---

[2] Homosexuality does not constitute a suspect or quasi-suspect class. Holmes v. California Army Nat. Guard, 124 F.3d 1126, 1132 (9th Cir. 1997).

9

female staff or that Defendant John Doe One treated Plaintiff differently on the basis of his sexual orientation when he trashed Plaintiff's cell. It is not clear if Defendants Chavez, Gonzales, or John Doe One intentionally discriminated against Plaintiff because of his sexual orientation. Thus, to the extent that Plaintiff was attempting to state an equal protection claim against them, Plaintiff's complaint fails to state a cognizable claim against Defendants Chavez and Gonzales for violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff alleges that Defendants Cate and Yates are liable for violating Plaintiff's equal protection rights by failing to implement policies that protect homosexual inmates. Plaintiff's allegations are not sufficient to impose liability upon Defendants Cate and Yates. Under section 1983, government officials are not liable for the misconduct of their agents or employees. Defendants Cate and Yates are only liable for their own misdeeds. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Plaintiff's allegations that Cate and Yates failed to implement policies protecting homosexuals that would, speculatively, prevent discriminatory conduct by their employees are not sufficient to establish liability under the Equal Protection Clause. Plaintiff has not alleged that Cate or Yates acted (or abstained from acting) with discriminatory intent. Plaintiff fails to state a claim against Defendant Cate or Defendant Yates.

### E. State Law Claims

Plaintiff claims that Defendants violated California Civil Code § 51, the Unruh Civil Rights Act. The Unruh Civil Rights Act provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b) (emphasis added). It is not clear that Pleasant Valley State Prison is a "business establishment". Plaintiff has not provided, and the Court is unable to find, any authority that addresses whether a state prison qualifies as a "business establishment" under California law. The California Court of Appeals has held that the Unruh Civil Rights Act does not apply to claims

against an Insurance Commissioner in the state Department of Insurance because the Department is not a "business establishment" within the meaning of the Unruh Civil Rights Act, though it is unclear if the same rationale precludes the Unruh Civil Rights Act from applying to all government entities. Spanish Speaking Citizens' Foundation, Inc. v. Low, 85 Cal. App. 4th 1179, 1240 (Cal. App. 2000). At least one California District Court has concluded that a prison is not a "business establishment" within the meaning of the Unruh Civil Rights Act. Taormina v. California Dept. of Corr., 946 F. Supp. 829, 834 (S.D. Cal. 1996). To the extent that Plaintiff seeks to argue that California's Unruh Civil Rights Act does apply in the context of a state prison, Plaintiff is raising a novel question of state law that is more appropriately addressed in state court. Rather than joining the Southern District of California in assuming that a state prison is not a "business establishment" under California law, the Court finds it appropriate to abstain from deciding this issue of state law. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (1) the claim raises a novel or complex issue of State law"), Railroad Commission of Tex. v. Pullman Co., 312 U.S. 496, 501 (1941) (setting forth doctrine of abstention "whereby the federal courts, 'exercising a wise discretion', restrain their authority because of 'scrupulous regard for the rightful independence of the state governments'"). The Court declines to exercise supplemental jurisdiction over Plaintiff's claim that Pleasant Valley State Prison is a "business establishment" under the Unruh Civil Rights Act.

**IV.     Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Wilkinson, Castellanoz, and Shelby, for violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff's complaint also states cognizable claims against Defendants Chavez and Gonzales for conducting an unreasonable cross-gender strip search of Plaintiff in violation of the Fourth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1    If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only
2 on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and
3 the Court will issue a recommendation for dismissal of the other claims and defendants, and will
4 forward Plaintiff five (5) summonses and five (5) USM-285 forms for completion and return.  Upon
5 receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

6    If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).
7 Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's
8 constitutional or other federal rights: "The inquiry into causation must be individualized and focus
9 on the duties and responsibilities of each individual defendant whose acts or omissions are alleged
10 to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
11 With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.
12 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other
13 words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's
14 complaint because at this stage Plaintiff's factual allegations will be accepted as true.

15   Although Plaintiff's factual allegations will be accepted as true and that "the pleading
16 standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain
17 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
18 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.
19 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that
20 allows the court to draw the reasonable inference that the defendant is liable for the misconduct
21 alleged."  Id. (citing Twombly, 550 U.S. at 556).

22   Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.
23 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
24 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior
25 or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged
26 in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d
27 at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,
28 ///

114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Wilkinson, Castellanoz, and Shelby, for violation of the Equal Protection Clause, and against Defendants Chavez and Gonzales for violation of the Fourth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 31, 2009**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE