# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS V. LEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. WILKINSON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00722-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(ECF No. )<br><br>OBJECTIONS DUE WITHIN TEN DAYS |

　　Plaintiff Cornelius V. Lee ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on April 23, 2009. Defendants filed a motion for summary judgment on January 10, 2011. Plaintiff filed a motion for a thirty day extension of time to file an opposition, which was granted on March 1, 2011. Plaintiff failed to respond within the thirty days and on April 27, 2011, an order issued directing Plaintiff to file a response to Defendants' motion for summary judgment within twenty days. More than twenty days have passed and Plaintiff has not filed a response to the motion.

　　Plaintiff was warned that the failure to file a response to Defendants' motion would result in dismissal of the action, with prejudice, for failure to prosecute. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending more than two years. Plaintiff is obligated to comply with the Federal Rules of Civil Procedure, the Local Rules, and court orders. Plaintiff failed to file a response after he was granted an extension of time. Plaintiff then failed to comply with the order requiring him to respond to Defendants' motion to compel. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court and the State of California from further unnecessary expenditures of their scare resources. Plaintiff is proceeding pro se and is a prisoner, making monetary sanctions likely of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect on a plaintiff who has ceased litigating the case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. Id. at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the

Court is left with no alternative but to dismiss the action for failure to prosecute. In re PPA, 460 F.3d at 1228. This action, which has been pending since 2009, can proceed no further without Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 6, 2011**                    /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE